UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN MICHELLE TOELLE,<br><br>    Plaintiff,<br><br>    v.<br><br>T. JUSINO, et al.,<br><br>    Defendants. | Case No. 23-cv-00194-JST<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND; DENYING REQUEST FOR EMERGENCY INJUNCTION; DENYING REQUESTS TO INTERVENE; GRANTING REQUESTS FOR DOCUMENTS**<br><br>Re: ECF Nos. 2, 5, 7-9, 19, 21 |

    Plaintiff, an inmate housed at Federal Correctional Institution – Dublin ("FCI-Dublin"), has filed a *pro se* action. Her complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Also pending before the Court are (1) Plaintiff's motion for emergency injunctive relief, ECF Nos. 2, 5; (2) motions from third parties seeking to be added as interested parties, ECF Nos. 7-9, 21; and (3) Plaintiff's request for documents, ECF No. 19. Plaintiff has paid the filing fee. ECF No. 6.

**DISCUSSION**

**A.    Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.     Screening Complaint**

    **1.     Complaint**

The complaint names as defendants the United States Environmental Protection Agency ("EPA)", FCI warden T. Jusino; and unknown Federal Bureau of Prison employees. The complaint makes the following allegations. Starting in 2019, FCI-Dublin required inmates to dry-buffed floor tiles with friable asbestos. Inmates faced disciplinary action if they failed inspection. FCI Dublin facilities have toxic mold, and the air and water are contaminated by mold, asbestos, and feces. FCI-Dublin's facilities also cause Sick Building Syndrome. Due to these building conditions, Plaintiff has suffered hair loss, memory loss, hearing loss, extreme fatigue, daily headaches, stomachaches, muscle pain, and other medical issues associate with mold, asbestos and feces contamination of the air and water. The water pipes at FCI-Dublin routinely break, leading to contaminated water. FCI-Dublin inmates, including Plaintiff, were not warned that the water was contaminated and therefore drank the water. As a result, Plaintiff and other inmates suffer from diarrhea, headaches, and stomachaches. Inmates have been hospitalized due to the contaminated water. On November 5, 2022, Plaintiff sent a letter to defendant EPA, stating that FCI-Dublin is contaminated by mold, asbestos, and bird feces; that she was aware of an inmate being hospitalized as a result of how the contamination affected that inmate's medical issues. Plaintiff also notified defendants Jusino and the Doe employees that FCI-Dublin is contaminated by mold, asbestos, and bird feces, and that this contamination is dangerous to her health and the health of other inmates. Plaintiff requested that she and other inmates be removed from exposure

2

to toxic substances, but her request was denied. Defendants see the mold, asbestos, and bird feces contamination daily, and do nothing to protect Plaintiff and others. *See generally* ECF No. 1.

Plaintiff brings suit against defendant EPA pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1); 33 U.S.C. § 1365(a)(2); 42 U.S.C. § 7604(a); the Toxic Substance Act, 15 U.S.C. § 2601; and the Declaratory Judgment Act, 28 U.S.C § 2201. Plaintiff alleges that defendant EPA failed to carry out their required duties as set forth in the Clean Air Act, the Clean Water Act, and the Toxic Substances Control Act. Plaintiff alleges that defendant Warden Jusino and the Doe FBOP employees have denied her medical treatment, including the removal from dangerous and toxic substances, and failed to main suitable housing quarters, in violation of the Eighth Amendment and 18 U.S.C. § 4202. ECF No. 1 at 5.

Plaintiff requests the following relief: a declaration that defendant EPA failed to meet their statutory obligation to inspect and regulate FCI-Dublin, and that the remaining defendants violated Plaintiff's constitutional rights; order Defendants to immediately provide appropriate medical treatment; monetary damages, including medical monitoring damages, compensatory damages, punitive damages, fees, and costs; and any relief the Court deems appropriate. ECF No. 1 at 6.

**2.     Causes of Action**

The complaint sets forth two causes of action.

In the first cause of action, Plaintiff alleges that the Clean Air Act, the Clean Water Act, and the Toxic Substances Control Act impose on defendant EPA ministerial and non-discretionary duties to inspect and regulate properties violate federal statutes in relation to the environment, and that defendant EPA has violated these statutes by failing to comply with its duty to inspect FCI-Dublin. This claim is DISMISSED with leave to amend. Plaintiff has not identified any statutory provision in the Clean Air Act, the Clean Water Act, or the Toxic Substances Control Act that require the EPA to inspect and regulate FCI-Dublin.[1]

---

[1] Plaintiff references the following federal statutory provisions in her complaint – 5 U.S.C. § 7601(1), 33 U.S.C. § 1365(a)(2), 4 2U.S.C. 7604(a)(2), 15 U.S.C. § 2601; 28 U.S.C. § 2201 – but none of these provisions require the EPA to inspect FCI-Dublin upon receiving a complaint. *See generally* 5 U.S.C. § 7601(1), 33 U.S.C. § 1365(a)(2), 4 2U.S.C. 7604(a)(2), 15 U.S.C. § 2601; 28 U.S.C. § 2201.

In the second cause of action, Plaintiff alleges that defendant Jusino and Doe FBOP employees subjected her to cruel and unusual punishment in violation of the Eighth Amendment, 18 U.S.C. § 4042, "and any other violations" when they failed to maintain suitable housing quarters; failed to grant her medical treatment, including her removal from the dangerous, toxic substances at FCI-Dublin; and failed to remediate the mold/asbestos/bird feces.  Plaintiff alleges that the air and water at FCI-Dublin is contaminated with mold, asbestos, and bird feces, causing her to suffer hair loss, memory loss, hearing loss, extreme fatigue, daily headaches, stomachaches, and muscle pains.  Plaintiff further alleges that that she has informed defendants Jusino and Does of the contamination, yet defendants Jusino and Does have done nothing to protect Plaintiff.  Liberally construed, the failure to remediate the mold, asbestos, and bird feces contamination of FCI-Dublin's air and water states a cognizable Eighth Amendment claim against defendant Jusino for deliberate indifference to Plaintiff's serious medical needs and safety.  *See, e.g., Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates Eighth Amendment's proscription against cruel and unusual punishment).

However, Plaintiff has not stated a claim for violation of 18 U.S.C. § 4042.  Section 4042 does not create a private right of action against federal officials in civil rights actions.  *Garraway v. Ciufo*, No. 117CV00533DADGSAPC, 2018 WL 1710032, at *3 (E.D. Cal. Apr. 9, 2018), *report and recommendation adopted*, No. 117CV00533DADGSA, 2018 WL 3472546 (E.D. Cal. July 18, 2018) (listing cases); *see also Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) ("[Section 4042] does not impose a duty on any officials who may be responsible to the Bureau of Prisons, and does not establish a civil cause of action against anyone in the event the Bureau's duty is breached.").

The Court DISMISSES Plaintiff's claims against the Doe defendants with leave to amend.  The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names of all parties in his complaint. Fed. R. Civ. P. 10(a).  Doe defendants are generally disfavored, however, because it is effectively

4

1    impossible for the United States Marshal to serve an anonymous defendant. A plaintiff may use

2    the discovery process to obtain the names of a Doe defendant and seek leave to amend to name the

3    defendant, unless it is clear that discovery will not uncover the identities, or that the complaint will

4    be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)

5    (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court's general practice is to

6    dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown

7    defendant through discovery, allow the plaintiff leave to amend the complaint to name the

8    intended defendant. *See Gillespie*, 629 F.2d at 642.

### C.     Motion for Emergency Preliminary Injunctive Relief (ECF Nos. 2, 5)

Plaintiff has filed a request for emergency declaratory relief and emergency preliminary injunctive relief, which the Court construes as a request for emergency injunctive relief. ECF Nos. 2, 5. Plaintiff requests that the Court order defendant EPA to immediately inspect FCI-Dublin for mold, asbestos, radon, bird feces, and any other contamination harmful to the water and air. Plaintiff alleges the following. She has been in custody at FCI-Dublin since March 2019. She suffers from various symptoms associated with long term exposure to mold, asbestos, and bird feces, such as hearing impairment, memory loss, shortness of breath, daily headaches, fatigue, hair loss, eye irritation, and a skin rash. On November 5, 2022, she notified the EPA administrator that FCI-Dublin's air and water were contaminated by mold, asbestos, and bird feces. The EPA has not responded despite its non-discretionary duty to inspect properties where there are allegations of violations of federal environmental statutes.

Plaintiff's request for emergency injunctive relief is DENIED for failure to provide written or oral notice to defendant EPA, and because the injunctive relief is unrelated to the cognizable claim in the complaint. Fed. R. Civ. P. 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that

5

1  notice should not be required.  *See* Fed. R. Civ. P. 65(b).  Plaintiff's emergency preliminary
2  injunction request fails to provide reasons why notice need not be given to Defendants prior to
3  issuing an emergency preliminary injunction.  In addition, a plaintiff is not entitled to an
4  injunction based on claims not pled in the complaint.  *Pacific Radiation Oncology, LLC v.*
5  *Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  There is a sufficient nexus between the
6  claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint
7  if the interim order "would grant 'relief of the same character as that which may be granted
8  finally.'"  *Id.* (citation omitted); *see, e.g., id.* at 636-38 (district court properly denied plaintiff's
9  request for injunction to prevent HIPAA violation, where plaintiff had not asserted claim for
10 HIPAA violation).  Here, the Court has dismissed with leave to amend the claim that defendant
11 EPA failed to carry out its duty to inspect FCI-Dublin.  Currently, the only cognizable claim in
12 this action is the Eighth Amendment claim against defendant Jusino for deliberate indifference to
13 Plaintiff's serious medical needs and safety.
14       For the foregoing reasons, the Court DENIES the request for an *ex parte* emergency
15 preliminary injunction.  ECF Nos. 2, 5

### D.     Requests from Third Parties (ECF Nos. 7-9, 21)

      Three of Plaintiff's fellow inmates, N.T. Nocomie, Maura Martinez, and Theresa Tolliver, ("Proposed Intervenors"), have filed nearly identical pleadings, titled "Motion to Be Made Interested Party" or "Motion to Grant Interested Party Status."  ECF Nos. 7 and 21 (filed by N.T. Nocomie); ECF No. 8 (filed by Maura Martinez); ECF No. 9 (filed by Theresa Tolliver). The Court construes these motions as requests for intervention.  The Court exercises its discretion to DENY intervention, finding that granting intervention would unduly delay the main action and present substantial burdens to the continued administration of this litigation.  Even if the intervenors were properly joined, management of pro se multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court.  During the prosecution of this action, each intervenor would be required to sign and submit his own motions and notices related to his claims in the action, and all intervenors would be required to individually sign any motion or notice filed on behalf of all intervenors.  Neither Plaintiff nor any other inmate may represent other inmates.

6

Furthermore, because of security concerns related to inmate correspondence and face-to-face communications, intervenors would have, at best, very limited opportunities to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Given these circumstances, the Court finds that any additional burden posed to intervenors by the denial of intervention is minimal, and that the Plaintiff's interest in timely resolution of her claims is served by denial of intervention. If any of the Proposed Intervenors seeks judicial review of the conditions of her confinement at FCI-Dublin, she may file her own lawsuit.

To the extent that the Proposed Intervenors are seeking to join this action pursuant to either Fed. R. Civ. P. 19 (required joinder) or Fed. R. Civ. P. 20 (permissive joinder), the request for joinder is DENIED.[2]

Required joinder pursuant to Rule 19 is not appropriate here. Rule 19(a) requires joinder of a party who is subject to service of process and will not deprive the court of subject-matter jurisdiction, if: (A) the party's absence will prevent the court from according complete relief among the existing parties; or (B) that person claims an interest relating to the case and their absence may (i) "impair or impede" their ability to protect that interest; or (ii) pose a "substantial risk" of incurring double, multiple or inconsistent obligations upon that party. Fed. R. Civ. P. 19(a)(1). A "crucial premise" of mandatory joinder is that the absent party possess an interest in the pending litigation that is "legally protected." *Cachil Dehe Band v. California*, 536 F.3d 1034, 1041 (9th Cir. 2008) (citation omitted). The Proposed Intervenors' absence from this case does not prevent the Court from affording complete relief to the existing parties. This action is specific to how Plaintiff's health is impacted by the conditions at FCI-Dublin. While the Proposed Intervenors have an interest in this case in that it concerns the conditions of the institution to which they are confined, this general interest alone is insufficient to require joinder. The fact that

---

[2] It may be more appropriate to consider these motions as requests for joinder than for intervention. Intervention is a procedure in which a nonparty to a lawsuit can gain party status without the consent of the original parties. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)). Here, it appears that Plaintiff consents to the participation in this action as she has not opposed these motions to intervene.

7

1 the Proposed Intervenors also allege that their health has been negatively affected by alleged

2 asbestos, mold, and bird feces contamination of the water and air at FCI-Dublin, the similarity of

3 their claims does not require their joinder in this case because the absence of the Proposed

4 Intervenors from this action does not impair their ability to protect that interest or their absence

5 does not pose a substantial risk of incurring double, multiple, or inconsistent obligations upon

6 them. If Plaintiff were unable to obtain relief in this action, this would not necessarily preclude

7 the Proposed Intervenors from obtaining relief if they bring their own actions regarding health

8 issues caused by mold and asbestos contamination.

9 Permissive joinder pursuant to Rule 20 is also not appropriate here. Fed. R. Civ. P. 20

10 allows for permissive joinder as plaintiffs if (1) the relief asserted by each potential plaintiff arises

11 out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and

12 (2) a question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P.

13 20(a)(1); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Mere similarity in the claims

14 brought by plaintiffs is not enough to satisfy Rule 20(a)(1). *See, e.g., id.* at 1350-51 (district

15 court's order severing plaintiffs not abuse of discretion where plaintiff's allegations of delay by

16 INS varied from case to case, plaintiffs did not allege that their claims arose out of a systematic

17 pattern of events, and each claim was discrete and would have required individualized attention).

18 Even when the requirements for permissive joinder under Rule 20(a) are met, a district court must

19 examine whether joinder would comport with principles of fundamental fairness or would result in

20 prejudice to either side. *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1296 (9th Cir. 2000).

21 Assuming arguendo that the Proposed Intervenors have met the technical requirements for

22 permissive joinder under Rule 20(a), the Court finds that joinder is not appropriate here and

23 exercises its discretion to deny joinder under Rule 20. Whether the conditions at FCI-Dublin

24 violate the Eighth Amendment will depend in part on the individual health conditions of each

25 potential plaintiff. Allowing the Proposed Intervenors to join as plaintiffs would multiply the

26 disputed factual issues and would prejudice Defendant by complicating the presentation of

27 evidence. Further, as discussed above, *pro se* inmate litigants face distinct logistical hurdles to

28 prosecuting actions jointly, whether as co-plaintiffs or intervenors.

8

**E.      Filing Evidence in the Record (ECF Nos. 10-18, 20, 22)**

Plaintiff has filed nearly identical declarations from fifteen inmates. ECF Nos. 10-18, 20.[3] These declarations state that (1) during the pandemic, inmates were denied access to the grievance system; and (2) during their time at FCI-Dublin, they suffered from respiratory illness, runny nose, coughing, headaches, and stomach pains; that the air and water is bad; that they were not given prior notice regarding the contamination of the air and water; and that buffing is required to pass inspection. Plaintiff has also filed with the Court a letter from Federal Bureau of Prisons Western Regional Counsel denying her administrative claim No. TRT-WXR- 2023-02298, regarding events that occurred on January 4, 2023, at FCI-Dublin. ECF No. 22.

Pleadings requesting court action are appropriately filed with the Court. However, Plaintiff should not file evidence with the Court. The Court is not a depository for Plaintiff's prematurely filed evidence. Evidence filed prematurely with the Court, such as ECF Nos. 10-18, 20, 22 have no legal effect and will not be considered. To the extent Plaintiff has collected evidence that she believes supports her claims, the appropriate time to present evidence is when filing or opposing a dispositive motion. In the future, Plaintiff should only file pleadings in this action if she is requesting court action, such as an extension of a deadline. Plaintiff should refrain from filing evidence with the Court as she collect it and refrain from filing declarations reporting allegedly unconstitutional action.

**F.      Request for Documents (ECF No. 19)**

As a one-time courtesy, the Court GRANTS Plaintiff's for courtesy copies of ECF Nos. 1-14. ECF No. 19. Plaintiff will be provided with courtesy copies of these documents under separate cover.

/ / /

---

[3] ECF No. 10 (Declaration of Salacia Tinsley); ECF No. 11 (Declaration of Conleysa Gaston); ECF No. 12-1 (Declaration of Makasini Lomu); ECF No. 12-1 (Declaration of Misty Morales); ECF No. 12-3 (Declaration of Nadia Carolina Avalos); ECF No. 12-4 (Declaration of September Grupp); ECF No. 13 (Declaration of Lee Elbaz); ECF No. 13-1 (Declaration of Veronica Lebya); ECF No. 13-2 (Declaration Jof Yvonne Fonesca); ECF No. 14 (Declaration of Leanne Zamora); ECF No. 15 (Declaration of Elizabeth Wylie); ECF No. 16 (Declaration of Katherine Sparks); ECF No. 17 (Declaration of Theresa Ann Tolliver); ECF No. 18 (Declaration of Courtney Lundgren); ECF No. 20 (Declaration of Arianna Soofahyah).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court finds that the complaint states a cognizable Eighth Amendment claim against defendants FCI-Dublin warden Jusino. The Court DISMISSES the remainder of the complaint and the remaining defendants with leave to amend.

2. The Court DENIES the request for an *ex parte* emergency preliminary injunction. ECF Nos. 2, 5.

3. The Court DENIES the requests to intervene filed by N.T. Nocomie, Maura Martinez, and Theresa Tolliver without prejudice to these individuals raising their claims in separate actions. ECF Nos. 7, 8, 9, 21.

4. As a one-time courtesy, the Court GRANTS Plaintiff's request for documents. ECF No. 19.

5. If Plaintiff wishes to file an amended complaint to address the deficiencies identified above, Plaintiff shall, within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-00194 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims she wishes to present, including the claim found cognizable above, and all of the defendants she wishes to sue, including the defendant ordered served below, and may not incorporate material from the prior complaints by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

6. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto (ECF No. 1), and a copy

1    of this order upon defendant Warden Jusino at Federal Correctional Institution – Dublin, 5701 8th

2    Street, Unit F, Dublin, CA 94568.  A courtesy copy of the complaint with attachments and this

3    order shall also be mailed to the United States Attorney's Office for the Northern District of

4    California.

5          7.    In order to expedite the resolution of this case, the Court orders as follows:

6              a.    No later than 91 days from the date this order is filed, Defendant must file

7    and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the

8    opinion that this case cannot be resolved by summary judgment, Defendant must so inform the

9    Court prior to the date the motion is due.  A motion for summary judgment also must be

10   accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

11   is required of her in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

12   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

13   served concurrently with motion for summary judgment).[4]

14             b.    Plaintiff's opposition to the summary judgment or other dispositive motion

15   must be filed with the Court and served upon Defendants no later than 28 days from the date the

16   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

17   provided later in this order as she prepares her opposition to any motion for summary judgment.

18             c.    Defendant shall file a reply brief no later than 14 days after the date the

19   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

20   hearing will be held on the motion.

21         8.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the

22   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

23   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

24   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

---

[4] If Defendant asserts that Plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

11

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

9. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendans, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

11. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time she is moved to a new facility.

12. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

she must include the case name and case number for this case on any document she submits to the Court for consideration in this case.

This order terminates ECF Nos. 2, 5, 7, 8, 9, 19, 21.

**IT IS SO ORDERED.**

Dated: September 28, 2023



JON S. TIGAR
United States District Judge